**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Richard Arnold Larson, Jr.,

Plaintiff,

v.

Ramsey County, Shaun Delrosario; and John/Jane Does 1-20,

Defendants.

Civil No. 26-2180 (DWF/JFD)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on a motion to dismiss *pro se* Plaintiff Richard Arnold Larson, Jr.'s amended complaint filed by Defendants Ramsey County and Shaun Del Rosario ("Sgt. Del Rosario").[1] (Doc. No. 12.) Plaintiff opposes the motion. (Doc. Nos. 26, 30.) For the reasons set forth below, the Court grants the motion.

## BACKGROUND

In this case, Plaintiff brings claims under 42 U.S.C. § 1983 based on Plaintiff's continued detention in Ramsey County after, as Plaintiff alleges, the legal basis for his custody changed and Plaintiff became release eligible. (Doc. No. 5 ("Am. Compl.") at 1.) The Court considers the factual allegations made in the Amended Complaint, as well as the Ramsey County Sheriff's Office and court records submitted by Defendants, which are embraced by those allegations.

---

[1] Sgt. Del Rosario is misspelled in the caption. (Doc. No. 14 at 1 n.1.)

On August 24, 2023, Plaintiff was issued a summons for a violation of Minn. Stat. § 168.35 (Motor Vehicle Registration—Intent to Escape Tax). (Doc. Nos. 15-1, 15-2.) On April 14, 2025, the court issued a bench warrant for Plaintiff's arrest after he failed to appear for a hearing. (Doc. No. 15-3.) On that same day, Plaintiff was arrested in Pine County, Minnesota pursuant to that warrant. (Doc. No. 15-4; Am. Compl. ¶ 11.) Plaintiff was transferred to Ramsey County custody on or around April 16, 2025. (Am. Compl. ¶ 13.) On April 17, 2025, Plaintiff appeared in Ramsey County regarding the violation of Minn. Stat. § 168.35, during which the Ramsey County District Court ordered Plaintiff to undergo an evaluation to determine whether he was competent to proceed in the matter. (Am. Compl. 5 ¶¶ 14, 15; Doc. Nos. 15-4, 15-5.) That court also ordered that Plaintiff's previous forfeiture bail of $1,000 be reinstated and that Plaintiff be released on that bail. (Doc. No. 15-4.)

Also on April 17, 2025, Plaintiff was charged with a violation of Minn. Stat. § 629.13 (Fugitive from Justice from Other State) in connection with an arrest warrant issued by a judge in Monroe County, Wisconsin. (Doc. Nos. 15-6, 15-7.) This was based on a warrant that was issued on March 31, 2025, after Plaintiff failed to appear for a video hearing on charges of Battery or Threat to Judge, Law Enforcement Officer, resisting an officer, and possession of drug paraphernalia. (Doc. No. 15-7.) That criminal complaint noted that "Wisconsin has asked that Plaintiff be held without bail pending extradition." (*Id.*) On April 18, 2025, the Ramsey County District Court ordered that Plaintiff be held in custody pending remand to Wisconsin authorities. (Doc.

No 15-8.) Plaintiff waived his extradition rights related to the Wisconsin matter. (Am. Compl. ¶¶ 17, 18; Doc. No. 15-6.)

On May 6, 2025, while in custody at the Ramsey County Jail (or Ramsey County Adult Detention Center ("ADC")), Plaintiff appeared remotely for a hearing in the Wisconsin matter. (Am. Compl. ¶ 22; Doc. No. 15-9.) Plaintiff's attorney requested a competency hearing and "state[d] that [Plaintiff] is going to be released from Ramsey County." (Doc. No. 15-9 at 9.) In its minutes, the Wisconsin court noted: "[Plaintiff] has not completed the competency assessment . . . Court orders [Plaintiff] to comply with the competency assessment and will enter an amended order. Court quashes [the body-only] warrant and a review hearing is to be re-scheduled." (*Id.*) Plaintiff alleges that at this hearing, the Judge indicated that Plaintiff "could be released" and instructed him to remain in contact and that the Wisconsin Department of Health Services would contact him later. (Am. Compl. ¶ 24.)

On May 8, 2025, Plaintiff submitted a grievance with the ADC, questioning why he "remained detained after his Monroe County, Wisconsin body-only warrant had been quashed and his bail reinstated." (*Id.* ¶ 30.) Plaintiff alleges that Sgt. Del Rosario, an ADC correctional officer, replied that the charges against Plaintiff had not been satisfied at that time. (*Id.* ¶ 31.)[2] Plaintiff filed two additional grievances in May 2025. (*Id.* ¶¶ 68-70.) Plaintiff further alleges that he was "never brought before a Minnesota court

---

[2] Plaintiff submits that Sgt. Del Rosario did not identify an active warrant, judicial order, or independent legal authority authorizing continued confinement. (Am. Compl. ¶ 32.)

for any judicial extension, recommitment, or extradition-detention review authorizing confinement beyond the initial statutory period detention after wavier of extradition." (*Id.* ¶ 80.) Plaintiff submits that Sgt. Del Rosario had the authority, through the Ramsey County grievance-review system, to review, elevate, investigate, and initiate release-status verification, but failed to do so. (*Id.* ¶ 34.)

On May 13, 2025, the Hennepin County Sheriff's Office informed Ramsey County that the Sheriff's Office would release the hold that it had placed on Plaintiff. (Doc. No. 15-10 at 12.) The Register of Actions indicated that the hold had been pursuant to a sign-and-release warrant issued on March 14, 2025 in another criminal matter in Hennepin County after Plaintiff failed to appear for an in-person hearing. (Doc. No. 15-11.) On May 21, 2025, Plaintiff was released from ADC custody and transported to Monroe County, Wisconsin. (Am. Compl. ¶ 81.) On June 5, 2025, Plaintiff appeared for a hearing where he was deemed competent to proceed, proceedings were reinstated, and Plaintiff was "to be released." (Doc. No. 15-9 at 7-8.)

Plaintiff brought this case *pro se* alleging seven claims under 42 U.S.C. § 1983: (1) unlawful detention; (2) deliberate indifference to release status; (3) procedural due process; (4) "stigma-plus/improper reliance on competency status;" (5) municipal liability (*Monell*); (6) coordinated custodial action/joint participation; and (7) failure to intervene. (Am. Compl. ¶ 5.) Defendants seek dismissal of Plaintiff's claims with prejudice. Plaintiff opposes the motion and, in the alternative, seeks leave to amend rather than dismissal with prejudice. In short, Plaintiff argues that his allegations along with the relevant records do not establish lawful continued detention, and instead, that

they support Plaintiff's allegation that Defendants failed to timely verify and process his release. (*See* Doc. Nos. 26, 30.)

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. In addition, *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Even so, a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### I. Unlawful Detention/Deliberate Indifference to Release Status

In Count I, Plaintiff asserts a claim for unlawful detention. In Count II, Plaintiff asserts a claim for deliberate indifference to release status. And in Count VI, Plaintiff asserts a claim for "coordinated custodial action/joint participation." The Court considers

these claims together because the same standard applies to both the unlawful detention and deliberate indifference claims, and the allegations in support of Count VI are based on the alleged unlawful prolonged detention of Plaintiff.[3]

In support of these claims, Plaintiff alleges that Defendants unlawfully prolonged his detention. These claims are based on the central allegation that Plaintiff's custodial basis materially changed on May 6, 2025, when the Wisconsin Court in Monroe County "quashed Plaintiff's body-only warrant and reinstated bail, eliminating the operative extradition basis" upon which Ramsey County was holding him. (Am. Compl. ¶ 26; *see also* ¶¶ 94-102, 133-136.) Plaintiff further alleges that his continued detention until June 5, 2025—when he appeared at a competency hearing and the Court ruled Plaintiff was competent and that he was "to be released"—was unlawful.

A claim for unlawful continued detention is analyzed under the Fourteenth Amendment's Due Process Clause. *Goldberg v. Hennepin Cnty.*, 417 F.3d 808, 811 (8th Cir. 2005) (noting that the right to release from an initially lawful detention is based upon the substantive component of the Due Process Clause). To state such a claim, Plaintiff must show that Defendants were deliberately indifferent to Plaintiff's constitutional rights when they failed to release Plaintiff. *Davis v. Hall*, 375 F.3d 703, 718 (8th Cir. 2004).

Defendants argue that Sgt. Del Rosario is entitled to qualified immunity on these claims. The doctrine of qualified immunity protects state actors from civil liability when

---

[3] The Court notes Defendants' well-taken argument that Counts II and VI are duplicative of Count I. Even so, the Court finds that each claim is properly dismissed on their merits.

their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The defense provides "ample room for mistaken judgments" as it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 343 (1986). In seeking a dismissal under Rule 12(b)(6) under qualified immunity, defendants "must show that they are entitled to qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (internal quotation marks and citations omitted). To overcome the defense of qualified immunity at this stage, a plaintiff must state a plausible claim for a violation of a constitutional or statutory right and that the right was clearly established at the time of the alleged infraction. *Id.*

The Court first considers whether Plaintiff had a constitutional right to be released from ADC during his detention pending extradition to Wisconsin. At the heart of Plaintiff's claim is the allegation that on May 6, 2025, the Wisconsin court ordered his release. This assertion, however, is not supported by the record. According to the Wisconsin court records, the Court did not order Plaintiff's release on that day. Instead, the court quashed the body-only warrant and ordered Plaintiff to undergo a competency assessment. (Doc. No. 15-9 at 9.) In addition, on April 18, 2025, Plaintiff waived his extradition and the Ramsey County district court ordered that Plaintiff be held in custody until his remand to Wisconsin. (Doc. Nos. 15-6, 15-7, 15-8.) That order remained pending. On June 5, 2025, the Wisconsin Court authorized Plaintiff's release after it found that Plaintiff was competent to proceed in the criminal matter in Wisconsin. (Doc.

No. 15-9 at 7-8.) Notably, Plaintiff's release occurred roughly fifteen days *after* Plaintiff had been transferred from Ramsey County to Wisconsin custody. (Doc. No. 15-11.)

Taking Plaintiff's allegations as true, Plaintiff cannot state a claim for unlawful detention or deliberate indifference related to his continued detention after the May 6 hearing and pending extradition to Wisconsin. There is no evidence in the record that there was a court order requiring Plaintiff's release from custody during his detention in Ramsey County. In addition, there was an order specifically providing for Plaintiff's detention pending extradition. Thus, Plaintiff cannot state a plausible claim that he was entitled to be released or that Sgt. Del Rosario was deliberately indifferent to that alleged right to be released.

The Court notes that the cases relied on by Plaintiff are distinguishable. For example, Plaintiff relies on *Davis v. Hall* to support a plausible unlawful detention claim. In *Davis*, the Eighth Circuit held that the plaintiff had generated a fact issue as to whether the defendants were deliberately indifferent to plaintiff's wrongful prolonged incarceration. 375 F.3d at 719. In that case, the plaintiff entered an *Alford* plea, after which the judge imposed a sentence with credit for time served and ordered that the plaintiff be released immediately. *Id.* at 706-07. Despite the order for immediate release, and repeated protests, the plaintiff remained incarcerated for nearly two months. *Id.* at 707-08. The facts here are quite different. As discussed above, there was no order for immediate release on May 6, and in fact, there were other orders that supported the continued detention of Plaintiff.

For the reasons above, the facts alleged do not support a claim that Plaintiff had a constitutional right to be released after the May 6 hearing. For this reason, these counts are properly dismissed. And even if the Court were to conclude that such a claim was plausible, Sgt. Del Rosario would still be entitled to qualified immunity because any such constitutional right to release was not clearly established. For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Plaintiff has not cited to case law demonstrating that the contours of any right to be released were clearly established. For this additional reason, Sgt. Del Rosario is entitled to qualified immunity on Counts I, II, and VI, and these claims are properly dismissed.

## II. Procedural Due Process

In Count III, Plaintiff alleges a procedural due process claim. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Matthews v. Eldridge,* 424 U.S. 319, 332 (1976). Procedural due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 333 (internal quotation and citation omitted). To state a claim, Plaintiff must "demonstrate that the state deprived him of some 'life, liberty, or property' interest," and that the deprivation was "without sufficient 'process.'" *Krentz v. Robinson*, 228 F.3d 897, 902 (8th Cir. 2000) (quoting U.S. Const. amend. XIV, § 1).

Plaintiff's claim is based on allegations that the Defendants lacked constitutionally adequate release procedures allowing for timely custody verification and release processing. (Am. Compl. ¶¶ 103-108.) However, as Defendants point out, Plaintiff did have a mechanism to challenge his allegedly unconstitutional detention—he could have filed a writ of habeas corpus challenging the legality of being held pursuant to an extradition warrant. *See* Minn. Stat. § 629.10 (providing that a prisoner who desires to test the legality of an arrest pursuant to extradition shall be given a reasonable time within which to apply for a writ of habeas corpus). Here, Plaintiff did not do so and instead waived that right at his extradition hearing. The Court finds that Plaintiff has not stated a plausible claim for a procedural due process claim and dismisses Count III.

## III. "Stigma-plus/improper reliance on competency status"

In Count IV, Plaintiff alleges a "stigma-plus" claim. To state such a claim, Plaintiff must allege that he suffered a loss of reputation in conjunction with some other tangible element that amounts to a protectable property interest. *See Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003). Here, Plaintiff does not plausibly allege any reputational harm. Therefore, Count IV fails to state a claim and is properly dismissed.

## IV. Failure to Intervene

In Count VII, Plaintiff alleges a claim for failure to intervene. While the Eighth Circuit recognizes a duty to intervene to prevent the use of excessive force, *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012), the Eighth Circuit has not recognized such a duty to prevent other alleged constitutional violations. The Court dismisses Count VII.

## V. Municipal Liability

Finally, in Count V, Plaintiff asserts a *Monell* claim against Ramsey County. A municipality may be held liable under § 1983 if it, under color of law, subjects a person to deprivation of any right. 42 U.S.C. § 1983; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658. 690-91 (1978). Municipal liability exists "only where the municipality *itself* causes the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original). Municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). "[L]iability for a constitutional violation attaches only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." *Tirado v. City of Minneapolis*, 521 F. Supp. 3d 833, 840 (D. Minn. 2021). That policy, custom, or failure to train must be the "moving force" behind the constitutional violation. *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff's *Monell* claim fails for two reasons. First, as discussed above, Plaintiff cannot, on the facts alleged, demonstrate a constitutional violation. *See Laney v. City of St. Louis*, *Mo.*, 56 F.4th 1153, 1159 (8th Cir. 2023) (explaining that without a constitutional violation, there can be no § 1983 liability). Second, Plaintiff has not sufficiently alleged the existence of an unconstitutional policy, or that there was a custom or practice of deliberately ignoring a policy, that led to the alleged constitutional violation. Indeed, Plaintiff has only alleged a single instance here—that Sgt. Del Rosario did not release Plaintiff after the May 6 hearing. A single alleged deviation from an

alleged policy is not enough to state a *Monell* claim. *Johnson v. Douglas Cnty. Med. Dept.*, 725 F.3d 825, 828-29 (8th Cir. 2013).[4] And while Plaintiff alleges that Ramsey County maintains customs and practices that were the moving force behind his alleged constitutional harm, these allegations themselves are conclusory in nature and lack any supporting factual basis.

For the above reasons, Plaintiff's *Monell* claim fails and Count V is properly dismissed.

## CONCLUSION

For the reasons set forth above, the Court dismisses Plaintiff's claims with prejudice. The Court recognizes that Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with the Court's leave. But the Court may deny a motion to amend if the amendment would be futile. *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016). An amendment is considered futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

Here, Plaintiff requested, in the alternative, that his complaint be dismissed without prejudice. Plaintiff, however, has not pointed to the existence of any facts or factual deficiency that can be remedied. (Doc. No. 26 at 15.) Indeed, in making the

[4] While a single decision of a government official could constitute a policy if that official has "final policymaking authority in the area in which the challenged conduct occurred," *Thompson v. Shock*, 852 F.3d 786, 793 (8th Cir. 2017) (quoting *Williams v. Butler*, 863 F.2d 1398, 1401 (8th Cir. 1988), there are no plausible allegations that Sgt. Del Rosario had such authority.

request, Plaintiff simply reiterates facts already asserted. Further, Plaintiff has already amended his complaint once. There being no indication that Plaintiff can allege facts to support any of the asserted claims, the Court finds that amendment would be futile and respectfully denies Plaintiff's request to amend. Plaintiff's claims are, therefore, properly dismissed with prejudice.

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to dismiss (Doc. No. [12]) is **GRANTED**.

2. Plaintiff's claims (Doc. No. [5]) are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 21, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge